■ In the Matter of the Claim of SOLOMON GOLDBARD, Respondent, against DIXIE LAKE HOTEL AND COUNTRY CLUB et al., Appellants and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and carrier appeal from a decision of the Workmen's Compensation Board which determined, pursuant to subdivision 5-b of section 15 that there had been a change of condition sufficient to warrant a reopening after a lump sum settlement — nonschedule award — and further discharging the Special Fund under section 25-a from liability. The claimant suffered an industrial accident on August 25, 1946 when he was assaulted by a coemployee and received injuries about the chest, neck, face and stomach. He received compensation for a partial disability and in January, 1949, a nonscheduled lump sum settlement of $3,650 was approved by the board which made a finding that he was permanently partially disabled, the Referee having previously found his earning capacity had been reduced 50%. Subdivision 5-b of section 15 permits nonscheduled adjustments subject to certain requirements contained therein and further provides that such adjustment shall be a closing of the case "unless the board find upon proof that there has been a change in condition or in the degree of disability of claimant not found in the medical evidence and, therefore, not contemplated at the time of the adjustment." After repeated attempts, the Referee in 1956 allowed a reopening for the purpose of determining whether there had been any change in the condition of the claimant. Thereafter there was submitted on behalf of the claimant a report of Dr. Louis Reder and subsequently he testified at a hearing in which he stated in his opinion the physical condition of the claimant had become substantially worse

from the time when the lump sum settlement was made, that it was a progressive condition, and he was permanently totally disabled. Without reviewing all of the medical testimony, it is sufficient to state that at the time of the lump sum settlement agreement before the Referee, it was known by all of the parties that this was a " psychoneurosis " case and that condition was the underlying factor in establishing the permanent partial disability. Dr. Reder stated this condition had progressed to such a degree that the claimant was permanently totally disabled. The carrier produced medical testimony to dispute such finding but as we have stated on prior occasions, medical testimony presents a question of fact and if we determine, as we do here, that there was substantial evidence to support the findings, we do not interfere with such decision. We determine the finding discharging Special Fund section 25-a should be reversed and the matter remitted as there is insufficient evidence to establish the reduced earnings of $10 per week as found by the board. At the time the Referee made the award of $10 reduced earnings, as contained in the minutes of December 13, 1948, it appears that the attorneys for the claimant and the employer-carrier agreed that the amount was taken without accurate check as to actual earnings. While it apparently was not of great import at that time, the Court of Appeals in *Matter of Weyzk* v. *Town of Stafford* (7 N Y 2d 121, 124) recently interpreted the statute as requiring the board " to spread the lump sum settlement *at the rate applicable to the disability found* at the time of the approval of the lump sum settlement by the Referee   *   *   *   In short, it is the status of the disability, not the amount of the award that controls." The issue of the wage rate was inconclusively determined by the Referee and was left open in such a form that the carrier was not precluded. We do not, of course, hold that $10 was not the correct rate; we hold merely that the carrier may litigate the question. Decision and award of Workmen's Compensation Board modified by reversing that part which discharges the Special Fund section 25-a from liability and remitted with costs to the appellant to be divided between Workmen's Compensation Board and Special Fund section 25-a. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.